FILED
SUPERIOR COURT
OF GUAM

2024 JUN 11 PM 4: 37

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| PEOPLE OF GUAM, | **Criminal Case No. CF0654-21** |
| --- | --- |
| | GPD Report No. 21-32033 |
| v. | |
| | **DECISION AND ORDER** |
| **JOE SHAWN AGUON** | **DENYING DEFENDANT'S MOTION** |
| (*aka* **JOESHAWN AGUON**), | **FOR REDUCTION OF** |
| DOB: 07/07/1993 or 07/09/1993 | **FAMILY VIOLENCE CHARGE** |
| | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 12, 2024 for hearing on Joe Shawn Aguon's (*aka* Joeshawn Aguon's) ("Defendant's") Motion for Reduction of Family Violence Charge from a Third Degree Felony to a Misdemeanor ("Motion"). Assistant Attorney General Grant Olan represents the People, and Attorney Terry Timblin represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

In December 2021, Defendant was arrested and indicted on charges of Kidnapping (as a 2nd Degree Felony), Terrorizing (as a 3rd Degree Felony), Family Violence (as a 3rd Degree Felony) and Felonious Restraint (as a 3rd Degree Felony). See Indictment (Dec. 30, 2021). Each charge was accompanied with Notice: Commission of a Felony While on Felony Release. Id.

The Family Violence (as a 3rd Degree Felony) charge stems from Natasha Emul's ("Victim's") allegations that on December 20, 2021, Defendant forcibly threw Victim inside his car and proceeded to punch her with closed fists several times in her face, shoulder, back, and legs. See Magistrate's

Decision and Order Denying Defendant's Motion for Reduction of Family Violence Charge
CF0654-21, *People of Guam v. Joe Shawn Aguon*
Page 1 of 5

Complaint (Dec. 23, 2021). Bruises were visible across the Victim's face, shoulders, and legs when police were called two days later. Id.

On January 3, 2024, Defendant filed his Motion for Reduction of Family Violence Charge. Defendant seeks the court's discretion to reduce the charge of Family Violence (as a 3rd Degree Felony) to Family Violence (as a Misdemeanor), citing several factors laid out in 9 G.C.A. § 30.20(c) to guide the Court's decision. See Motion at 3-4 (Jan. 3, 2024).

On January 18, 2024, the People filed their Opposition to Defendant's Motion ("Opposition"). The People claim most of the factors in 9 G.C.A. § 30.20(c) weigh against reducing Defendant's Family Violence charge to a misdemeanor. See Opposition at 3-5 (Jan. 18, 2024).

On March 7, 2024, Defendant filed his Reply to Opposition ("Reply"). Defendant claims that the People carry the burden of establishing the relevant §30.20(c) factors because charging Family Violence as a felony or misdemeanor is done at their discretion. See Reply at 1-2 (Mar. 7, 2024).

The Court held a hearing on March 12, 2024. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I. Preliminary Law:

"Any person who intentionally, knowingly, or recklessly commits an act of family violence … is guilty of a misdemeanor, or of a third degree felony." See 9 G.C.A. § 30.20(a).

"Upon a written, noticed motion prior to commencement of trial, the defendant may move that a felony charge filed pursuant to this § 30.20 … be reduced to a misdemeanor. Whether any charge … shall proceed as a misdemeanor or a felony rests within the discretion of the court." See 9 G.C.A. § 30.20(b).

"In determining whether a felony charge filed pursuant to this § 30.20 … should be reduced to a misdemeanor, the court shall consider the following factors, among others:

      (1) The extent or seriousness of the victim's injuries;

      (2) The defendant's history of violence against the same victim whether charged or uncharged;

      (3) The use of a gun or other weapon by the defendant;

Decision and Order Denying Defendant's Motion for Reduction of Family Violence Charge
CF0654-21, *People of Guam v. Joe Shawn Aguon*
Page 2 of 5

(4) The defendant's prior criminal history;

(5) The victim's attitude and conduct regarding the incident;

(6) The involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and

(7) The defendant's history of and amenability to counseling."

See 9 G.C.A. § 30.20(c).

II. **Application:**

a. **The extent or seriousness of the victim's injuries:**

The Victim in this case received significant injuries, as police officers observed bruising all across Victim's body and face. See Magistrate's Complaint (Dec. 23, 2021). The Victim also reported current pain in her face and shoulder multiple days after the alleged attack. Id. This factor weighs against reduction of the Family Violence charge.

b. **The defendant's history of violence against the same victim whether charged or uncharged:**

Defendant has no reported history of violence against this same victim. This factor supports reduction of the Family Violence charge.

c. **The use of a gun or other weapon by the defendant:**

Victim alleges Defendant did not use any weapon and that the attack was carried out through Defendant's fists alone. Id. This factor supports a reduction of the Family Violence charge.

d. **The defendant's prior criminal history:**

Defendant has an extensive criminal history covering over a decade. In CM0345-19, Defendant was convicted of Harassment (as a Petty Misdemeanor). See CM0345-19 Judgment of Conviction (Oct. 24, 2023). In CF0693-19, Defendant was convicted of Theft (as a 3rd Degree Felony). See CF0693-19 Judgment of Conviction (Oct. 13, 2022).

Decision and Order Denying Defendant's Motion for Reduction of Family Violence Charge
CF0654-21, *People of Guam v. Joe Shawn Aguon*
Page 3 of 5

While Defendant mentioned those two convictions in his Motion, he conveniently failed to mention several other previous convictions. See Motion at 3 (Jan. 3, 2024). In CF0420-12, Defendant was convicted of Theft of Property (as a Misdemeanor). See CF0420-12 Judgment (Apr. 24, 2013). In CF0652-10, Defendant was convicted of Third Degree Criminal Sexual Conduct (as a 2nd Degree Felony). See CF0652-10 Judgment (Oct. 28, 2011).

Defendant has a substantial criminal history, including convictions for multiple felonies. This factor obviously weighs against reducing the Family Violence charge to a misdemeanor.

e. **The victim's attitude and conduct regarding the incident:**

The Victim was apparently extremely distraught over the incident, and waited several days to call the police out of fear for her and her family's safety. See Magistrate's Complaint (Dec. 23, 2021). This factor weighs against reducing the Family Violence charge.

f. **The involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources:**

Defendant is currently in the pre-trial stages of litigation in CF0384-23, where he is charged with, among other crimes, Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony). See CF0384-23 Indictment (Jun., 15, 2023). While there is little to suggest that alcohol or other substances directly influenced Defendant's behavior in this Family Violence offense, the Court has reason to believe Defendant abuses methamphetamine. Id.

This factor weighs against reducing the Family Violence charge to a misdemeanor, as the stronger sentence from a felony conviction could provide Defendant more opportunities to overcome any methamphetamine addition.

g. **The defendant's history of and amenability to counseling:**

Decision and Order Denying Defendant's Motion for Reduction of Family Violence Charge
CF0654-21, *People of Guam v. Joe Shawn Aguon*
Page 4 of 5

Defendant claims he is willing and prepared to undergo any counseling the Court orders. See Motion at 4 (Jan. 3, 2024). The Court does not doubt Defendant's sincerity.

### CONCLUSION

Most of the factors laid out in 9 G.C.A. § 30.20(c) do NOT support a reduction of the Family Violence charge. Factors such as the seriousness of the Victim's injuries, Defendant's lengthy criminal history, and the Victim's conduct following the alleged offense all support retaining the felony Family Violence charge. For the reasons stated above, the Court **DENIES** Defendant's Motion.

**IT IS SO ORDERED** this _____.

**June 11, 2024**



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_AG Tomlin_

Date: 6/11/24  Time: 4:45
cankrio  @

Deputy Clerk, Superior Court of Guam

Decision and Order Denying Defendant's Motion for Reduction of Family Violence Charge
CF0654-21, *People of Guam v. Joe Shawn Aguon*
Page **5** of 5